CARLSMITH BALL LLP
JOHN P. MANAUT  3989
WILLIAM M. HARSTAD   8942
LINDSAY N. McANEELEY  8810
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
jpm@carlsmith.com
wharstad@carlsmith.com
lmcaneeley@carlsmith.com



ORIGINAL

Attorneys for Defendants
DISCOVER FINANCIAL SERVICES, INC.,
DISCOVER BANK, and DFS SERVICES, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES, INC., DISCOVER BANK, DFS SERVICES; L.L.C., ASSURANT, INC., and DOE DEFENDANTS 1-20,<br><br>Defendants. | CIVIL NO.  **CV12  00269** RLP<br><br>DEFENDANTS DISCOVER FINANCIAL SERVICES, INC., DISCOVER BANK, AND DFS SERVICES, L.L.C.'S NOTICE OF REMOVAL; DECLARATION OF JOHN P. MANAUT; EXHIBITS 1-9; CERTIFICATE OF SERVICE<br><br><br>TRIAL: Not Set |

**DEFENDANTS DISCOVER FINANCIAL SERVICES, INC., DISCOVER BANK, AND DFS SERVICES, L.L.C.'S NOTICE OF REMOVAL**

Defendants Discover Financial Services, Inc. ("DFSI"), Discover

Bank ("Discover Bank"), and DFS Services, L.L.C. ("DFS LLC") (together,

"Discover" or "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, hereby

file their Notice of Removal with respect to the above-titled action originally filed

in the Circuit Court of the First Circuit, State of Hawai'i, as Civil No.12-1-0984-04

(ECN).[1]  In support of its Notice of Removal, Discover states as follows:

## PROCEDURAL HISTORY

1.     On April 12, 2012, the State of Hawai'i, acting through David

M. Louie, the Hawai'i Attorney General, filed this action in the First Circuit Court

of the State of Hawai'i.  A true and correct copy of the Complaint and Summons is

attached hereto as Exhibit 1.

2.     The Attorney General served the Complaint and Summons on

Defendants by mailing a copy of those documents, together with a motion to admit

four out-of-state attorneys pro hac vice in this action to Defendants' registered

agents via certified mail.  A true and correct copy of the plaintiff State of Hawai'i's

Motion to Admit Richard M. Golomb, Kenneth J. Grunfeld, Laura J. Baughman

and J. Burton LeBlanc Pro Hac Vice, filed on April 13, 2012, and the related

Amended Notice of Hearing, filed on May 2, 2012, are attached hereto as Exhibit

---

[1]Discover submits this Notice of Removal without waiving any defenses to the
claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon
which relief may be granted, and without admitting that Plaintiff is entitled to any
monetary or equitable relief whatsoever (or that the relief it seeks may properly be
sought).

2. Defendants' registered agents received these materials on April 18 and 20, 2012. True and correct copies of the Affidavits of Service By Mail, filed on April 30, 2012, are attached hereto as Exhibits 3-5. Attached as Exhibit 6 is a true and correct copy of the Stipulation for Substitution of Parties and for Dismissal Without Prejudice of Defendant Assurant, Inc., filed on May 8, 2012, which substitutes American Bankers Management Company, Inc. for Assurant, Inc. as a named defendant in this action. Attached as Exhibit 7 is Defendant American Bankers Management Company, Inc.'s Motion to Admit Frank G. Burt Pro Hac Vice. In addition, a true and correct copy of Plaintiff State of Hawaii's Motion to Consolidate Cases, filed in a separate action before the Hawaii Circuit Court of the First Circuit, Civil No. 12-1-0980-04 (GWBC), but served on Defendants on May 1, 2012, is attached hereto as Exhibit 8. Exhibits 1-8 constitute all of the process, pleadings, and orders received by Defendants in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a).

3. The Complaint is directed at Discover's payment protection plans and other plans sold to Discover credit card holders that allegedly are "marketed as ways for consumers to protect themselves from fraud or unauthorized charges, or to increase their financial security." Ex. 1, ¶ 17. Payment protection plans – also known as debt cancellation contracts and debt suspension agreements, *see* 12 C.F.R. Part 37 – are amendments to cardholder agreements that permit

-3-

consumers to cancel or suspend their obligation to repay their credit card debt

under circumstances including death, disability, or involuntary unemployment.

*See* Ex. 1, ¶ 53.  In exchange for these more favorable loan repayment terms,

cardholders pay a monthly fee calculated as a percentage of the outstanding

account balance on their credit card account.  *Id.,* ¶ 65.  The Attorney General

alleges that Discover's payment protection plans are "essentially worthless," that

Discover is unjustly enriched by the fees it charges for these plans, and that the

plans are improperly marketed and administered.

**PARTIES**

4.     The named plaintiff is the State of Hawai'i, acting through its

Attorney General, David M. Louie.  Ex. 1, ¶ 8.  The Attorney General does not

contend that the State has paid any of the fees at issue in the Complaint.  Nor does

the Attorney General contend that the State has been injured as a result of the

conduct alleged in the Complaint.  Rather, the Attorney General seeks relief based

on alleged injuries to, and conduct affecting, the Hawai'i consumers that enrolled

in, and paid fees for, the fee-based plans described in the Complaint.  *See* Ex. 1, ¶¶

1, 2, 90-93 & p. 24.

5.     Discover Bank is a Delaware state-chartered bank

headquartered in the State of Delaware.  *See* Ex. 1, ¶ 11; Declaration of Ryan C.

Garton, attached hereto as Exhibit 9, ¶ 3.  Discover Bank is an affiliate of DFS

-4-

LLC, a limited liability company duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of Illinois. *See* Ex. 1, ¶¶ 11-12; Ex. 9, ¶ 4.  DFSI is a non-existent entity that was improperly named as a defendant. *See* Ex. 1, ¶ 10; Ex. 9, ¶ 4.  American Bankers Management Company, Inc. is a Florida corporation having a principal place of business in the State of Florida. *See* Ex. 6.

6.      The Complaint also names as defendants Does 1-20, but the Complaint does not allege that any of these defendants are citizens of Hawai'i. *See* Ex. 1, ¶ 15.

7.      The Complaint seeks relief for both the state and its citizens under H.R.S. § 480 and any other authority that may be applicable. *See* Ex. 1, at 24-25.

## TIMELINESS OF REMOVAL

8.      The Attorney General served the Complaint and Summons on DFSI, Discover Bank and DFS LLC by mailing certified copies of these documents to Defendants' registered agents in Delaware, which documents were received on April 18, 2012 (Discover Bank) and April 20, 2012 (DFSI and DFS LLC). *See* Exs. 3-5.

9.      This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Bros., Inc. v.*

*Michetti Pipestringing, Inc.*, 526 U.S. 344, 347-38 (1999) (time for removal runs

from receipt of formal service of process, including a summons).

## BASIS FOR REMOVAL JURISDICTION

      10.    There are at least two independent grounds for removal.  First,

the claims asserted by the Attorney General on behalf of Hawai'i citizens give rise

to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

1332(d).  Second, the complete preemption doctrine gives rise to jurisdiction under

Section 521 of the Depository Institutions Deregulation and Monetary Control Act

of 1980 ("DIDA"), 12 U.S.C. § 1831d, and 28 U.S.C. § 1331.  Under 28 U.S.C. §

1367, this Court may exercise supplemental jurisdiction over those claims, if any,

that are not independently removable.  Defendants also invoke all other grounds

for removal that exist under applicable law.

## I.    Removal Based Upon the Class Action Fairness Act, 28 U.S.C. § 1332(d).

      11.    This Court has jurisdiction over this action under CAFA, 28

U.S.C. § 1332(d), because this case is (1) a proposed class action within the

meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of

a State different from any defendant," (3) the "number of members of all proposed

plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in

controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

12.    CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute… authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  This case qualifies as a class action removable under Section 1332(d)(1)(B) because the Attorney General asserts unfair or deceptive acts or practices ("UDAP") claims on behalf of consumers that, under Hawaiʻi law, are to be asserted in a class action.

13.    The Complaint alleges violations of H.R.S. § 480-2(a), which prohibits "unfair or deceptive acts or practices." *See* Ex. 1, ¶ 76.  The relief that the Complaint seeks for these alleged violations includes "restitution" to Hawaiʻi consumers of "monies obtained as a result of the UDAP violations." *Id.* at 23-24 (seeking "restitution" "for all consumers injured by Defendants' acts described in this Complaint"); *id.* at ¶¶ 89-93 (alleging that defendants were unjustly enriched by the alleged violations of law described in the Complaint).

14.    Hawaiʻi law specifies the means by which the Attorney General may seek restitution on behalf of Hawaiʻi consumers allegedly injured by UDAP violations:  he may "bring a class action on behalf of consumers based on unfair or deceptive acts or practices declared unlawful by section 480-2" (H.R.S. § 480-

4841-5890-6127.2.065458-00001

14(b)), and such class actions "shall be brought as *parens patriae* on behalf of natural persons residing in the State" (*id.*).  The class action remedy provided by H.R.S. § 480-14(b) is the exclusive means by which the Attorney General may seek relief on behalf of consumers for violations of H.R.S. § 480-2.  *See, e.g.*, 2A Sutherland Statutes & Statutory Construction § 47:23 (7th ed.) ("[T]he method prescribed in a statute for enforcing the rights provided in it is . . . presumed to be exclusive.").

15.     The term "class action" as used in H.R.S. § 480-14(b) refers to "the definition as provided in rule 23 of the Hawai'i rules of civil procedure." H.R.S. § 480-1.  Accordingly, the Attorney General's request for "restitution" of "monies obtained as a result of the [alleged] UDAP violations" arises under "rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

16.     The Ninth Circuit's decisions in *Washington v. Chimei Innolux Corp.*, 659 F.3d 842 (9th Cir. 2011), and *Nevada v. Bank of America Corp.*, 672 F.3d 661 (9th Cir. 2012), are not to the contrary.  Those decisions are inapplicable because they did not address state statutes which provide that the means by which a state attorney general may seek relief on behalf of state citizens is through a class action, as H.R.S. § 480-14(b) does here.

4841-5890-6127.2.065458-00001

17.     The Attorney General's choice of counsel further confirms that these actions are appropriately viewed as class actions.  This case is being tried by attorneys from the law firms of Baron & Budd, P.C.; Cronin, Fried, Sekiya, Kekina & Fairbanks; and Golomb & Honik, P.C., well-known class action plaintiffs' firms.  Not a single employee of the Attorney General's office is a signatory to the Complaint.  *See* Ex. 1.  Some of the same firms have filed similar "payment protection" class actions in federal courts around the country.

18.     The minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied because (a) the Attorney General seeks relief on behalf of a class of Hawai'i consumers, and (b) none of the defendants is a citizen of Hawai'i. Defendants are not incorporated in Hawai'i and do not have their main offices or principal places of business here. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1348; Ex. 9, ¶ 4.

19.     CAFA's numerosity and amount in controversy requirements are satisfied as well.  The Attorney General brings this action on behalf of Hawai'i citizens who were billed for payment protection and other optional plans and seeks recovery of all payment protection fees and other fees paid by these consumers. *See* Ex. 1, at 24.  According to Discover's records, there are more than 100 Hawai'i residents who fit that description, and the payment protection fees charged to this putative class of consumers exceeds $5,000,000. *See* Ex. 9, ¶ 5.  CAFA's

4841-5890-6127.2.065458-00001

numerosity and amount in controversy requirements are therefore satisfied.  *See* 28

U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

20.     As an independent ground for removal, this case is removable

as a "mass action" because the "monetary relief claims of 100 or more persons are

proposed to be tried jointly on the ground that the plaintiffs' claims involve

common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).  Here, more

than 100 Hawaiʻi citizens are among the real parties in interest in the action, and

under the allegations of the Complaint, the aggregate amount in controversy on the

claims asserted on their behalf exceeds $5,000,000.[2]  *See* Ex. 9, ¶ 5.

21.     For the foregoing reasons, this Court has original jurisdiction

over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable

pursuant to 28 U.S.C. §§ 1441 and 1453.

22.     The recitation of the allegations and requests for relief above is

not a concession that the Attorney General's allegations or legal theories have

merit.  Defendants reserve the right to assert all applicable defenses in this matter.

---

[2]Although the Ninth Circuit in *Nevada v. Bank of America*, 672 F.3d 661, 671-72 (9th Cir. 2012), arguably reached a different conclusion regarding the "mass action" question, that case involved a different statutory scheme.  The Ninth Circuit's decision also conflicts with the Fifth Circuit's decision in *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 430 (5th Cir. 2008).  The time for filing a petition for a writ of certiorari to resolve the conflict between *Allstate* and *Bank of America* has not run.

## II.     Removal Based Upon Federal Question Jurisdiction, 28 U.S.C. § 1331.

23.     Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a claim ordinarily arises under federal law only when a federal question is presented on the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, the Attorney General's Complaint can be removed because it falls under the "complete preemption" exception to the well-pleaded complaint rule.

24.     Discover Bank is a federally-insured, state-chartered bank. Discover Bank is regulated, supervised, and examined by the Federal Deposit Insurance Corporation ("FDIC"). Section 521 of DIDA, 12 U.S.C. § 1831d, exclusively governs the amount of interest and fees that a federally-insured, state-chartered bank may charge, and provides the exclusive remedy for excessive interest or usury claims against a federally-insured, state-chartered bank. *See* 12 U.S.C. § 1831d(a).

25.     As described below, the Complaint includes allegations that are completely preempted by federal law because (a) the Complaint challenges the amount of the fees that Discover charges for its payment protection plans, (b) these fees are a form of "interest" within the meaning of DIDA, and (c) state-law

4841-5890-6127.2.065458-00001

challenges to the amount of interest charged by a federally-insured, state-chartered

bank are completely preempted and arise under federal law.

26.     The complete preemption doctrine is an exception to the well-

pleaded complaint rule that allows for the removal of cases in which the

"preemptive force of federal law is so 'extraordinary' that it converts an ordinary

state common-law complaint into one stating a federal claim for purposes of the

well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393.

27.     In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8-9

(2003), the Supreme Court held that the National Bank Act, 12 U.S.C. §§ 85, 86

("NBA"), completely preempts state law usury claims against national banks.

Likewise, Section 521 of DIDA completely preempts state law usury claims

against federally-insured, state-chartered banks. *See Discover Bank v. Vaden*, 489

F.3d 594, 605 (4th Cir. 2007), *rev'd on other grounds*, 129 S. Ct. 1262 (2009); *In

re Community Bank*, 418 F.3d 277, 295 (3d Cir. 2005); *Greenwood Trust Co. v.

Comm. of Mass.*, 971 F.2d 818, 826 (1st Cir. 1992).

28.     In addition, the term "interest" under the NBA encompasses not

only traditional interest, but also "late fees, not sufficient funds [] fees, overlimit

fees, annual fees, cash advance fees, and membership fees." *Smiley v. Citibank

(South Dakota), N.A.*, 517 U.S. 735, 740 (1996); *see also* 12 C.F.R. § 7.4001(a)

(defining "interest," for purposes of 12 U.S.C. § 85, as including "numerical period

4841-5890-6127.2.065458-00001

rates, late fees, creditor-imposed not sufficient funds (NSF) fees . . . over-limit

fees, annual fees, cash advance fees, and membership fees"). The broad meaning

of "interest" under the NBA applies equally to Section 521 of DIDA. *See Discover*

*Bank*, 489 F.3d at 606; *Greenwood Trust Co.*, 971 F.2d at 829-30.

29.    The fees charged for payment protection plans are "interest"

within the meaning of the NBA and DIDA. A payment protection plan is an

optional amendment to the terms of a cardholder's credit card loan agreement with

Discover. Under these amendments, the bank extends additional credit or more

favorable credit terms to the cardholder, and the cardholder pays fees to the bank

for this additional extension of credit. These fees are calculated as a percentage of

the cardholder's credit card loan balance, *i.e.*, they are calculated in the form of a

numerical periodic interest rate. *See* Ex. 1, ¶ 65. Payment protection fees are

therefore "interest" under Section 521 of DIDA.[3]

30.    Although the Complaint contains a number of allegations that

do not challenge the amount of interest that Discover charges for its payment

protection plans, other allegations do challenge the amount of interest charged for

the plans. For example, the Complaint alleges that Discover was "unjustly

---

[3]Although the court in *West Virginia ex rel. McGraw v. JPMorgan Chase & Co.*,
__ F. Supp. 2d __, 2012 WL 414560 (S.D. W. Va. Feb. 10, 2012), reached a
different conclusion as to whether payment protection fees are "interest,"
defendants respectfully submit that the court's conclusion on that question was
erroneous and was founded on a misunderstanding of the nature and operation of
the payment protection plans at issue.

4841-5890-6127.2.065458-00001

enriched" by the payment protection fees it collected because, among other things, its payment protection plans "have limited or no value," are "essentially worthless," are "virtually worthless," and provide "virtually no benefits to Hawai'i citizens who are nevertheless charged for these products month in and month out," allegedly resulting in substantial profits for Discover. *See* Ex.1, ¶¶ 55, 71, 89-93. Allegations that Discover is unjustly enriched by lucrative fees that it "nevertheless charged" for "worthless" payment protection plans seek to impose liability on Discover based on the amount of the fees it collected. Indeed, the unjust enrichment allegations necessarily challenge the amount of Discover's fees because if the fees were commensurate with the value of the benefits provided to consumers, Discover could not have been unjustly enriched. Put differently, the Attorney General must prove that Discover's fees were excessive as compared to the value of the benefits it delivered in order to prevail on his unjust enrichment claim.

31.     The Complaint also objects to Discover's practice of collecting ordinary interest based on the fees charged for payment protection and other ancillary plans. After setting forth the manner in which Discover calculates payment protection fees, the Complaint contends that these fees "create[] a cycle of profitability, in that the fee itself increases subscribers' monthly credit balances[.]" Ex. 1, ¶ 66. According to the Complaint, by imposing charges that increase

-14-

monthly credit balances, Discover is able to charge additional interest and impose additional payment protection fees. *Id.* These allegations and others seek to impose liability based on the amount of interest, over-the-limit fees, and payment protection fees earned by Discover, all of which are "interest" under DIDA. *Id.* ¶¶ 21, 66.

32.     Because the Complaint seeks to impose liability on Discover based on the allegedly excessive amount of interest and fees collected, the Attorney General's claims are "completely preempted" by DIDA, which provides the exclusive remedy for such claims. Accordingly, this Court has original, federal jurisdiction over the Attorney General's claims, which are removable to this Court pursuant to 28 U.S.C. § 1441(b).

33.     The recitation of the Attorney General's allegations above is not a concession that the Attorney General's allegations or legal theories have merit. Defendants reserve the right to assert all applicable defenses in this matter.

**III.     Supplemental Jurisdiction Under 28 U.S.C. § 1367.**

34.     This Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any claims that are not independently removable. *See* 28 U.S.C. § 1367(a).

4841-5890-6127.2.065458-00001

## REMOVAL TO THE DISTRICT OF HAWAIʻI IS PROPER

35.   Removal to the District of Hawaiʻi is proper because it is the district and division within which the state action is pending.  *See* 28 U.S.C. § 1446(a).

## NOTICE TO STATE COURT AND PLAINTIFF

36.   Counsel for Discover certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the First Circuit Court of the State of Hawaiʻi and served upon counsel for Plaintiff promptly.

WHEREFORE, the case now pending in the First Circuit Court of the State of Hawaiʻi, Civil No. 12-1-0984-04 (ECN), is hereby removed to the United States District Court for the District of Hawaiʻi, pursuant to 28 U.S.C. §§ 1441, 1453.

DATED:    Honolulu, Hawaiʻi, May 18, 2012.


JOHN P. MANAUT
WILLIAM M. HARSTAD
LINDSAY N. MCANEELEY

Attorneys for Defendants
DISCOVER FINANCIAL SERVICES, INC.,
DISCOVER BANK AND DFS SERVICES,
L.L.C.

OF COUNSEL:

STROOCK & STROOCK & LAVAN LLP
*JULIA B. STRICKLAND (CA BAR NO.
83013)
*SCOTT M. PEARSON (CA BAR NO.
173880)
JASON S. YOO (CA BAR NO. 261114; HI.
9125)
*Pending *Pro Hac Vice Application*
2029 Century Park East, 16th Floor
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
jstrickland@stroock.com
spearson@stroock.com
jsyoo@stroock.com

4841-5890-6127.2.065458-00001